UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LIONEL WINDING                                    CIVIL ACTION

VERSUS                                            NO: 14-2460

CITY OF NEW ORLEANS, ET AL                        SECTION:
                                                  J(4)


## ORDER AND REASONS

Before the Court is a *Rule 12(b)(6) Motion to Dismiss* **(Rec. Doc. 6)** filed by Defendants, the City of New Orleans ("the City") and the New Orleans Police Department ("NOPD") (collectively, "Defendants"), as well as an *Opposition* (**Rec. Doc. 9**) by Plaintiff, Lionel Winding ("Plaintiff"), and Defendants' *Reply* (**Rec. Doc. 12**). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED**.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff alleges that on the night of June 9, 2010, while he was a passenger in a truck being driven by his close friend, Mr. Frenan Woolens, the pair were stopped by two New Orleans Police cars. Plaintiff denies that he or Mr. Woolens were engaged in any illegal conduct at the time he was stopped. Plaintiff alleges that Mr. Woolens pulled to the side of the road, while one police car, operated by Officer Kamil Kuczek, pulled in front of them, and a

1

second car, operated by Officer N. Scautt, pulled behind them. Plaintiff claims that both Officer Kuczek and Officer Scautt approached the vehicle with their weapons drawn and ordered Plaintiff and Mr. Woolens to exit the car and lie face down on the ground. While on the ground, Plaintiff alleges that Officer Kuczek placed him in handcuffs, and when Plaintiff asked why he and Mr. Woolens were being placed under arrest, he claims that Officer Kuczek refused to answer and instead cursed at him and yelled at him to be quiet. Plaintiff alleges that Officer Kuczek then picked him off the ground and twice slammed him into the bed of the truck on the right side of the vehicle. Plaintiff further alleges that Officer Kuczek walked him to the front of the truck, where he again slammed his head into the front right side of the fender of the truck. As a result of this repeated slamming, Plaintiff alleges that he sustained severe bruising and swelling to his face. Plaintiff was then transported to Central Booking and was subsequently charged with one count of battery of an officer.

On October 27, 2014, Plaintiff filed a complaint against both the City of New Orleans and the NOPD, claiming that the defendants violated his civil rights pursuant to 42 U.S.C. § 1983 by unlawfully using excessive force during his arrest. Plaintiff seeks both compensatory damages for the swelling and bruising he allegedly sustained to his face, as well as punitive damages. Defendants filed the instant 12(b)(6) motion on December 22, 2014,

seeking dismissal of Plaintiff's claim on the bases that the claim has prescribed and that the NOPD is not a juridical entity capable of being sued.

### PARTIES' ARGUMENTS

Defendants' argument for dismissal is two fold. First, Defendants contend that Plaintiff's § 1983 has long since prescribed, and the Court does not have jurisdiction to hear the matter. Defendants maintain that according to pertinent caselaw, the prescriptive period for § 1983 claims for use of excessive force during an arrest is one year, which begins to run from the date of the plaintiff's arrest. Because Plaintiff's arrest occurred on June 9, 2010,[1] Defendants submit that his claim was prescribed at the time it was filed, over four years later. Second, even if this Court finds that the claim has not prescribed, Defendants assert that Plaintiff's claim should be dismissed against the NOPD, as this Court has repeatedly recognized that the NOPD is not a juridical entity capable of being sued.

Plaintiff does not directly oppose either of the arguments raised by Defendants in their motion. However, Plaintiff asserts that he delayed in filing the present lawsuit because he was waiting for the completion of an investigation of the NOPD Officers' conduct during the incident which was being conducted by

---

[1]Defendants mistakenly assert that Plaintiff's alleged injuries occurred on the night of June 2, 2010, however, Plaintiff's complaint is clear that the incident forming the basis for his claim actually occurred on June 9, 2010.

the New Orleans Independent Police Monitor. Plaintiff notes that this investigation was delayed by the NOPD's failure to timely provide the Monitor with a full report of the incident.

### LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences

in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S.at 678.

## DISCUSSION

Defendants argue that Plaintiff has failed to state a claim upon which relief may be granted because Plaintiff's claim has prescribed on its face and because Plaintiff improperly named NOPD as a defendant in this matter.

## A. Prescription

Rule 12(b)(6) is the proper vehicle to seek dismissal of a prescribed claim. *Watermeier v. Continental Oil Co.*, 818 F.Supp. 929, 931 (E.D. La. 1993) (Clement, J.). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc*., 339 F.3d 359, 366 (5th Cir. 2003). Defendants assert that dismissal is appropriate on the basis of prescription, because Plaintiff's § 1983 claim is subject to a prescriptive period of one year, which began to accrue on the day he was arrested. Because Plaintiff waited over four years from the date of his arrest and the officers' alleged use of excessive force to file this lawsuit, Defendants argue that his claim has prescribed on its

face, and that dismissal of the claim is warranted.

The Court agrees with Defendants that Plaintiff's claim was prescribed at the time it was filed. "Because there is no federal statute of limitations for § 1983 claims, district courts use the forum state's personal injury limitations period." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)). Louisiana Civil Code Article 3942, providing a prescriptive period of one year for delictual actions, has been applied by the Fifth Circuit "as the pertinent statute of limitations for § 1983 actions." *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989) (citing *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *see also Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).

While the statute of limitations is dependent on state law, "federal law determines when a § 1983 claim accrues." *Jacobsen*, 133 F.3d at 319. Because a cause of action under § 1983 accrues at the time when the plaintiff knows of the injury which serves as the basis of his action, in § 1983 claims based on the use of excessive force during an arrest, the limitation period begins to run on the date of the plaintiff's arrest. *See Humphreys v. City of Ganado, Tex.*, 467 F.App'x 252, 255 (5th Cir. 2012); *Simms v. Harris*, No. 08-4136, 2009 WL 1607906, at *7 (E.D. La. June 2, 2009) (Engelhardt, J.) (finding that the one-year statute of limitations for the plaintiff's § 1983 claim for excessive force began to

accrue on the day he was arrested and allegedly subjected to the excessive force).

Here, Plaintiff's claim for excessive force is based on injuries allegedly sustained during his arrest on June 9, 2010. Because Plaintiff was aware of the injuries which form the basis of his complaint at the time of his arrest, the one-year statute of limitations began to accrue on June 9, 2010, and Plaintiff's claim prescribed as of June 9, 2011. Plaintiff apparently took no action to file a complaint against Defendants until October 27, 2014, over four years after the incident he complains of, and over three years from the date his claim for excessive force prescribed. As such, it is clear that Plaintiff's claim was prescribed on its face at the time it was filed.

The only argument provided by Plaintiff for his failure to timely file his lawsuit is that he was waiting for the completion of an investigation into the conduct of Officers Kuczek and Scautt during the incident which prompted this lawsuit. The Court interprets this as an argument that the statute of limitations was suspended from running on Plaintiff's claim as a result of this investigation. Louisiana recognizes the doctrine of *contra non valentem*, which provides that "in limited circumstances prescription should not run if good cause exists as to why plaintiff would have been unable to exercise or was lulled into not exercising a cause of action when it first became exigible." *Simms*,

7

2009 WL 1607906, at *7 (citing *Pracht v. City of Shreveport*, No. 36504 (La. App. 2 Cir. 11/30/02); 830 So.2d 546, 551). This Court has recognized four situations in which the doctrine of contra non valentum may be applied and the statute of limitations will not run:

> (1) if there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action, (2) if there was some condition coupled with the contract or connected proceeding which prevented the creditor from suing or acting, (3) if the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action and (4) if the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.

*Simms*, 2009 WL 1607906, at *7.

The Court finds that none of these circumstances are present in this matter. Here, Plaintiff waited over four years to file a claim for police use of excessive force. Plaintiff provides no excuse for this extensive delay other than the fact that an investigation into the incident was being conducted. However, Plaintiff provides no details of this investigation, nor an explanation of why it was necessary for the investigation to be completed in order for him to file his complaint. Plaintiff has not provided a legitimate excuse for failing to "diligently pursue his rights," and as such, "equitable tolling of the limitations period is not warranted." *Lopez-Vences v. Payne*, 74 F.App'x 398, 399 (5th Cir. 2003). Because the doctrine of *contra non valentum* does not apply to the present circumstances, dismissal of Plaintiff's claim

against both Defendants is warranted, as this claim was prescribed at the time it was filed.

## B. NOPD as a Suitable Defendant

Defendants also argue that dismissal of Plaintiff's claim against the NOPD is proper because the NOPD is not a suitable entity against which a party may bring a claim. Defendants assert that because Louisiana law does not recognize the NOPD as a juridical entity, it is not capable of being sued, and any claim brought against it as a defendant must be dismissed. Plaintiff has not opposed this argument.

According to Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of a defendant to be sued is determined "by the law of the state where the Court is located." FED. R. CIV. P. 17(b). Under Louisiana law, in order to have capacity to be sued, an entity must qualify as a "juridical person," which the Civil Code defines as "an entity to which the law attributes personality, such as a corporation or a partnership." *Dugas v. City of Breaux Bridge Police Dept.*, 99-1320 (La. App. 3 Cir. 2/2/00); 757 So.2d 741, 743 (citing LA. CIV. CODE. ANN. art. 24 (1988).

This Court has recently decided the exact issue raised by Defendants. *Winn v. New Orleans City*., 919 F.Supp.2d 743, 750 (E.D. La. 2013) (Milazzo, J.). In reaching the conclusion that the NOPD is not a suitable entity, this Court reasoned:

> [T]his Court has found no law that confers upon the NOPD the authority to sue or be sued. In fact, courts in this

District have consistently found that the NOPD lacks juridical capacity. *See, e.g., Everson v. N.O.P.D. Officers*, No. 07-7027, 2009 WL 122759, at *2 (E.D.La. Jan. 15, 2009); *Atkinson v. NOPD*, No. 06-5820, 2007 WL 2137793, at *1 (E.D.La. July 23, 2007); *Banks v. United States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D.La. Mar. 28, 2007); *Manley v. State of Louisiana*, No. 00-1939, 2001 WL 506175, at *2 (E.D.La. May 11, 2011).

*Id.* In light of this Court's ruling in *Winn*, it is clearly established that the NOPD is not a suitable defendant, and all claims brought against the NOPD as a defendant must be dismissed. As such, in addition to the fact that Plaintiff's claim has prescribed, dismissal of his claim against the NOPD is warranted as the NOPD is not a suitable defendant.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *12(b)(6) Motion to Dismiss* **(Rec. Doc. 6)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants, City of New Orleans and the New Orleans Police Department, in the above-captioned matter are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 14th day of January, 2015.

_____

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE